SECOND DEPARTMENT, DECEMBER, 1973

(December 3, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GLENN FRANK, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 25, 1972, convicting him of criminally selling a dangerous drug in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion, none of the claims of error raised by defendant merits reversal. Nor do we believe that a reversal and suppression of seized evidence is mandated by the rule of People v. Floyd (26 N Y 2d 558), a contention not even specifically raised herein. The arresting officers arrived at defendant's apartment within a few hours after the commission of the crime (the theft of $800 from an under-cover police officer and the sale of a small quantity of hashish proffered as a sample of the larger amount to be purchased with the $800). They knocked on his door and a male voice answered, identifying himself as defendant. The police identified themselves and asked him to open the door. It was only after defendant answered, "No", and after "sounds of movement" were heard within the apartment that the officers kicked down the door. Indeed, upon entry, they observed defendant running toward a window, which led to

a fire escape, and subsequently observed some of the stolen money underneath a radiator. Thus, contrary to the situation in *Floyd* (*supra*), the police never attempted any unannounced entry and it was only after defendant had refused them admission and the police had reason to believe he was attempting to escape and/or dispose of the stolen money that they broke down the door. Once inside, these attempts at evasion were, of course, confirmed. It is also clear from the record that defendant knew exactly why the police were there, even if they did not first announce their purpose in so many words. Under all of these circumstances, and in the light of the overwhelming proof of guilt, the judgment must be affirmed. Shapiro, J. (dissenting). The defendant, Glenn Frank, was convicted of criminally selling a dangerous drug in the third degree and grand larceny in the third degree, committed on October 21, 1971. The gist of the charges is that, acting in concert with one Elyse Silverberg (who was indicted as a codefendant but had her case severed when she pleaded guilty), Frank offered to sell an undercover police officer $800 worth of hashish; but, after receiving the money, failed to turn over the drugs to the officer, with the exception of a small amount proffered as a sample. In my opinion the judgment of conviction should be reversed and the defendant's motion to suppress the physical evidence — the money in question — granted, because the trial court erroneously denied the motion. The defendant was arrested in his own apartment after the police broke in. Prior to their breaking in, a police officer knocked on the door and, when a man answered, " Yes ", asked the man whether he was " Glen Frank ". The man answered, " Yes ", and asked, " Who is it." The officer answered, " The police. Open the door." Frank answered, " No ", and the officers, upon hearing " sounds of movement " within the apartment (there were a number of them), " kicked the door down," saw Frank running toward the window, knocked him to the floor and saw money under the radiator. It is abundantly clear from the hearing minutes that, prior to breaking in, the police made no attempt whatever to satisfy the statutory requirement of giving notice of their " purpose " (CPL 120.80, subds. 4, 5; CPL 140.15).[1] Furthermore, it is equally clear that there existed no exigent circumstances which might justify such noncompliance with the statutory requirement (CPL 120.80, subds. 4, 5). A mere refusal to open the door and " sounds of movement " within the apartment do not, under the circumstances obtaining here, justify the conclusion that evidence was about to be destroyed or the arrest frustrated or that the life of the officer or any one else was in danger (*People* v. *Floyd*, 26 N Y 2d 558; *People* v. *Griffin*, 22 A D 2d 957). In *Floyd*, the Court of Appeals dealt with a police entry into the defendant's hotel room, with a passkey obtained from the clerk, to arrest the defendant, who was wanted for forgery on a Federal warrant. On entry the police saw in open view a narcotic " fix " and, after arresting and handcuffing the defendant, found, in a thorough search, glassine envelopes with heroin concealed in a pillow case upon which the defendant had been lying. The court ruled (p. 561) : " Because the police, otherwise authorized to make a lawful arrest, effected the arrest by unlawful means, the evidence obtained ·as a result of the arrest may not be used and defendant's conviction must be reversed and the indictment dismissed. This result is required as a consequence of the application of the search and seizure provision of the Federal Constitution to the States under the Fourteenth Amendment (U. S. Const., 4th Amdt.; 14th Amdt.), and the exclusionary rule applied to the States under the holding

---

1. On cross-examination the police officer admitted that he broke the door down a few seconds after being refused admission and that he did not advise the defendant of the purpose of his entry until *after* he was in the apartment.

in *Mapp* v. *Ohio* (367 U. S. 643)." Judge Breitel, speaking for the court, went on to say (pp. 562–563) : " In this State, for a long time by statute, and at the common law, police in breaking open and entering premises for the purpose of making an otherwise lawful arrest must give notice to the occupants of who they are and the purpose for which they seek entry (Code Crim. Pro., §§ 175, 178, 187; *Ker* v. *California,* 374 U. S. 23, dissenting opn. by BRENNAN, J., at pp. 46, 47–52; *People* v. *Gallmon,* 19 N Y 2d 389, 392, cert. den. 390 U. S. 911). It makes no difference whether the arrest is with or without a warrant, or whether it is an escaped prisoner who is being recaptured (Code Crim. Pro., §§ 175, 178, 187). * * * True, in this case there was matter that was both contraband and evidence, but before entry the police did not have the slightest reason to believe that the matter was present in the premises. Defendant was wanted for a crime but there was no reason to believe that he would or could escape. Nor was the crime for which he was wanted a violent one. Nor was there any reason to believe that he was armed or would offer violence or resistance to the officers. That he occupied a second-story room in the hotel did not increase the risk of escape but provided the police, three in number, an excellent and obvious opportunity to post one of their number outside the window of the room if they believed defendant might try to escape." Much of the foregoing is applicable to the instant case. Here there were six police officers in the arresting group. The defendant's apartment was on the sixth floor. The crime was not a violent one and the police had no reason to believe the defendant was armed or would offer violence or resistance to the officers. The conclusion reached by the Court of Appeals that " an arrest effected in this manner is unlawful" (p. 563) applies to the instant case. Here there was no evidence of exigent circumstances. What was involved was a sum of money. There was no indication that the defendant, at the time the police knocked, was aware that the money in the apartment was police department money or that there was a record of the bill numbers which could be used to identify it; nor would he be likely to attempt to destroy it.[2] There was no indication, either, that a police announcement of the purpose of their entry would have consumed so much time as to allow the defendant to rid himself of the evidence (the money). There were, therefore, no exigent circumstances to permit invoking of that doctrine (cf. *People* v. *Richardson,* 36 A D 2d 603, affd. 29 N Y 2d 802). In *People* v. *Griffin* (22 A D 2d 957, *supra*) this court reversed a denial of a motion to suppress where the defendant was arrested in his own apartment after the police broke in and the evidence was that the police had knocked twice, received no answer, announced their office and demanded that the apartment door be opened and then broke in. The court noted that, as in the instant case, there was no testimony which in any way suggested that the police, prior to the breaking, attempted to satisfy the statutory requirement of giving " notice " of their " purpose ". In view of the foregoing, the judgment appealed from should be reversed and the motion to suppress granted. Hopkins,

---

2. In the opinion of the majority of the court they state: "It is also clear from the record that defendant knew exactly why the police were there, even if they did not first announce their purpose in so many words," I find no warrant for that conclusion in the record. In the first place, the police not only did not " announce their purpose in so many words," they failed to announce their purpose at all until *after* they were in the apartment. In the second place, since the defendant in the transaction in which he obtained the money in question was dealing with undercover police, he had no knowledge of any kind that the police were looking for him.

694

Acting P. J., Latham, Christ and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and grant the motion to suppress the physical evidence of the money, with an opinion.