■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OBIE

RIDDICK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 24, 1974, convicting him of criminal possession of a controlled substance in the sixth degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review an order of the same court, dated July 15, 1974, which denied defendant's motion to suppress physical evidence. Judgment and order affirmed. No opinion Hopkins, Acting P. J., Damiani and Hawkins, JJ., concur; Cohalan, J., dissents and votes to reverse the judgment and order, grant the motion to suppress, and dismiss the indictment, with the following memorandum: In June, 1973 the victims of an armed robbery identified the defendant, through his photograph, as the perpetrator. Riddick was already a felon, having been convicted as one in 1970. There is some doubt as to whether the police knew of his whereabouts in June, 1973, but they admittedly knew his address in January, 1974. The arrest, effected without a warrant, was made on March 14, 1974. No attempt was made during the nine-month interval to present the case to a Grand Jury, or even to file an accusatory instrument. Nor was there any compelling reason to seek him out on March 14, 1974 without having first obtained an arrest warrant. In any event, the police officers verified the defendant's presence in his home by first sending in the defendant's parole officer. (Incidentally, defendant's sentence for the 1970 felony expired on February 12, 1974.) They then knocked at defendant's door. It was opened by the defendant's three-year-old child. There is no evidence that the defendant gave consent to the intrusion by the police (see *People v Whitehurst,* 25 NY2d 389; *Bumper v North Carolina,* 391 US 543); it would be farcical to suggest that the child gave the officers permission to enter the apartment (see *People v Gonzalez,* 39 NY2d 122). In *Gonzalez* a consent was coerced from the defendants. Commenting on the fact situation, Chief Judge Breitel wrote (p 129): "Another factor to be considered in determining the voluntariness of an apparent consent is the background of the consenter [citations omitted]. A consent to search by a case-hardened sophisticate in crime, calloused in dealing with police, is more likely to be the product of calculation than awe. Here, the Gonzalezes were both under 20 years of age and were newlyweds of three days. They had had very limited prior contact with the police. Under these circumstances, the ineluctable inference, except to the jaded, is that the consents could not be, on any creditable view of the agents' testimony, the product of a free and unconstrained choice." As with the Gonzalezes, the three-year-old could scarcely qualify as a sophisticate. When the door was opened one of the police officers saw the defendant lying in his bed. The officers entered the apartment, roused the defendant and announced their authority and purpose. In a search incident to the arrest, a controlled substance was found and seized. CPL 120.80 (subd 4) mandates that, in order to make an arrest, an officer can effect entry into a suspect's premises only after announcing his authority and purpose. At bar the officers first entered—without permission—and then announced their authority and purpose. Their failure to observe the statutory provision makes the arrest invalid (see *People v Frank,* 35 NY2d 874, revg 43 AD2d 691 on the dissenting memorandum; *People v Floyd,* 26 NY2d 558). Since the arrest was unlawful, any evidence seized during a search pursuant thereto must be suppressed.