■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TRAMONTANO, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered January 17, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. During the course of defendant's trial, the court ruled, pursuant to *People v Sandoval* (34 NY2d 371), that the prosecutor would be entitled to cross-examine the defendant about his possession of a hypodermic needle, even though the charges arising from that possession had been dismissed after the evidence seized from the defendant was suppressed on the ground that it had been obtained in violation of his constitutional rights *(People v Tramontano,* District Ct, Suffolk County, May 9, 1977, Ohlig, J. [Index No. 5066-76]). The Trial Judge's *Sandoval* ruling was apparently based upon a misinterpretation of *Harris v New York* (401 US 222) and constituted error. In *Harris,* the prosecutor was properly permitted to use a previously suppressed confession to impeach the credibility of a defendant who took the stand and whose testimony materially differed from the content of that confession. The reasoning behind the result in *Harris* is that the shield provided by *Miranda* is not to be turned into a sword for the defendant's perjurious advantage (see *People v Johnson,* 27 NY2d 119; *People v Wise,* 60 AD2d 921). However, even in that situation, before suppressed evidence can be used to impeach a defendant's credibility he must affirmatively open the door on his direct testimony by uttering facts in contradiction to the suppressed evidence *(People v Rahming,* 26 NY2d 411; *People v Miles,* 23 NY2d 527, cert den 395 US 948; *People v Wise, supra,* p 922). This is particularly true where the suppressed evidence which the District Attorney seeks to use for impeachment purposes is collateral to the People's direct case. Furthermore, the possession of the hypodermic needle is only minimally related to defendant's credibility. As it is a drug related offense, it would also prejudice defendant before the jury by portraying him as an addictive personality with a

propensity towards criminality (see *People v Sandoval, supra,* pp 377-378). The court also erred in permitting the prosecution to use typographical errors and/or misstatements which appeared on the notices of alibi submitted by defendant's prior legal counsel as a basis for attacking the credibility of defendant's alibi witnesses. The statements were not made by the witnesses or their agents and simply did not relate to their credibility. This material should not have been brought to the attention of the jury. Taken together, it is our view that these errors deprived defendant of a fair trial and, accordingly, a new trial is required. Latham, J. P., Suozzi, Gulotta, Shapiro and Cohalan, JJ., concur.