■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRICE B. EMRICK, Appellant. — Judgment affirmed. Memorandum: Defendant appeals his conviction, after trial, of burglary in the third degree and petit larceny claiming that the court erroneously refused to suppress tangible evidence. A church in Utica, New York was burglarized and checks belonging to the church were stolen. A glove, presumably left by one of the burglars, was found at the burglary scene. A few days later Robert Matan was arrested at a Utica bank while attempting to cash one of the stolen checks. Defendant, who was with Matan at the bank, was also arrested and later searched. The search produced

checks and a glove matching that found at the scene of the crime. Defendant moved to suppress the fruits of the search. At the hearing, defendant was the only person who testified about his arrest at the bank. He said that he walked into the bank after his friend, Matan, had been arrested, that Matan called out his name and that the police then arrested him. He denied that a glove was ever taken from him or that he ever possessed a glove. For the prosecution, a police officer testified that he asked the defendant to empty his pockets at police headquarters. The defendant then removed from his pockets checks belonging to the church and a glove matching the glove found at the church. The hearing Justice suppressed the checks, finding that there was no probable cause for defendant's arrest. He declined to suppress the glove stating that there was no claim by the defendant that he ever had possession of the glove. The court's conclusion was based upon the rule that a defendant lacks standing to suppress evidence illegally seized unless he was the victim of the illegal search or seizure (*People v Hansen,* 38 NY2d 17, 22). Although the defendant denied he had possession of the glove and that it was seized from him, the police stated otherwise. Indeed, the very basis for the admission of the glove into evidence was the asserted fact that the glove was in the possession of and taken from the defendant. On a hearing to suppress physical evidence, although the defendant bears the ultimate burden of proving the illegality of the search and seizure, the People have the burden of going forward to show the legality of the police conduct in the first instance (*People v Berrios,* 28 NY2d 361, 367). Here, the People did not meet this burden. They proved a search of the defendant and a seizure of the glove but failed to prove the legality of his arrest. The illegality of the arrest, however, does not compel the suppression of the glove. Before the police officer searched the defendant at police headquarters, he questioned Matan who confessed to the burglary and implicated the defendant. This confession not only gave the police probable cause to detain the defendant but also provided a significant intervening circumstance, independent of the illegal arrest, that attenuated the connection between the arrest and the seizure of the glove as to dissipate the taint of the illegality (*Wong Sun v United States,* 371 US 471; *Nardone v United States,* 308 US 338). Bearing in mind the factors to be considered when dealing with the issue of attenuation (*Brown v Illinois,* 422 US 590), we conclude that the taint of the illegal arrest was sufficiently dissipated and for that reason the motion to suppress the glove was properly denied. All concur, except Doerr, J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Doerr, J. (dissenting). I would reverse the judgment of conviction, grant the motion to suppress the seized glove and grant a new trial. The court found that there was no probable cause to arrest defendant in the first instance. I do not find attenuation because of a statement given by an accomplice to the police which "implicated" defendant. The statement is not a part of this record. Were it not for the arrest which is conceded to have lacked probable cause, defendant would not have been at the police station where the seizure took place. The glove was, therefore, illegally obtained by the police. (Appeal from judgment of Oneida County Court, Darrigrand, J. — burglary, third degree and petit larceny.) Present — Simons, J. P., Doerr, Denman, Boomer and Moule, JJ.