■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TAYLOR, Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 18, 1983, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Defendant was indicted and charged with two counts of criminal possession of a controlled substance in the third degree based on an incident wherein police officers found quantities of cocaine and heroin in the motel room which he and another individual, Clarence Smith, had rented. Defendant and Smith were jointly tried. During the trial, one count of the indictment was dismissed. Ultimately, the jury acquitted Smith but found defendant guilty of one count of criminal possession of a controlled substance in the third degree. Defendant was sentenced as a second felony offender to an indeterminate prison term of 12½ to 25 years. This appeal by defendant ensued.

Initially, defendant cites as error the trial court's denial of his motion to suppress evidence, including narcotics and drug paraphernalia, seized in the motel room. On November 30, 1982, an informant who had previously provided correct information to police telephoned a detective of the Albany City Police Department and informed him that two black males with a rental car were staying at the Budget 90 Motor Inn in room 252 and were in possession of a quantity of narcotics. The detective and several other officers went to the motel and found room 252

unoccupied. Upon inquiry at the front desk, they were told that two black men had been staying in room 252, but had changed to room 256. The officers went to the room and knocked on the door without identifying themselves. Defendant opened the door and the detectives identified themselves as police officers. Defendant testified at the suppression hearing that the officers then pushed the door all the way open and walked into the room. The arresting officer testified that defendant stepped back from the door and the officers walked in. An issue of credibility was thus created, which the suppression court resolved in favor of the officer. We see no reason to disturb such finding. Upon entering the room, the arresting officer saw two clear plastic bags containing a white powder on a table. Defendant was then placed under arrest and given his *Miranda* rights. The arresting officer testified that he asked defendant's permission to search the room and such was granted. Defendant denied that his consent was requested. As a result of the search, additional narcotics and drug paraphernalia were discovered.

While it may be true that the informant's tip, standing alone, did not constitute probable cause, it clearly gave reason for the police to investigate. After defendant opened the door to the motel room and the officers identified themselves, defendant's conduct in stepping back from the open door amounted to consent for the officers to enter (*cf. United States v Griffin*, 530 F2d 739). Once the officers entered, the clear plastic bags containing white powder were in plain view. This, combined with the informant's tip and the officers' experience in recognizing narcotics, provided probable cause to arrest defendant. The subsequent search was pursuant to defendant's consent. While defendant denied that he gave consent, weight must be given to the suppression court's determination since it was in a position to see and hear the witnesses (*see, People v Prochilo* 41 NY2d 759, 761). In our view, there was no basis to suppress the evidence seized.

Defendant also alleges as error the denial of his motion for a severance. In support, he argues that the Grand Jury testimony of Smith, which was introduced at trial, implicated him. However, it was not known at the time defendant moved for severance that such testimony would be introduced at trial. The sole ground offered in support of the motion was that Smith might offer defenses antagonistic to defendant. Such allegation, standing alone, does not constitute "good cause" to grant a severance (*see,* CPL 200.40 [1]).

Once the trial court ruled that the Grand Jury testimony was admissible, defendant did not renew his motion for a severance.

This case is thus distinguishable from *People v Wheeler* (62 NY2d 867), relied on by defendant. Nor did defendant object to the introduction of the testimony. Defense counsel stated, "I have no objection, with the understanding that it [the Grand Jury testimony] is not going to be binding upon [the defendant]." The trial court proceeded to instruct the jury on several occasions that the testimony was in evidence only with respect to the People's case against Smith. In our view, defendant failed to preserve this issue for review. Further, since the evidence of guilt was overwhelming and the extent to which the Grand Jury testimony implicated defendant was minimal, there is no reason to review this issue in the interest of justice pursuant to CPL 470.15 (6) (a).

We have considered the remaining issues raised by defendant and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.