■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered September 18, 1981, convicting him of manslaughter in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Browne, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress the defendant's statements to the police.

Judgment affirmed.

The defendant asserts that his warrantless arrest was illegal because it was based on information supplied by informants whose reliability was unproven. This contention is not disputed by the People and is unquestionably correct (see, People v Johnson, 66 NY2d 398).

The People argue, however, that certain incriminating statements made by the defendant after his arrest were nevertheless properly admitted into evidence since the taint caused by the illegal arrest had dissipated by the time the defendant made such statements. We agree.

A review of the record reveals that the defendant first spoke to police at 1:30 or 2:00 P.M., approximately 4 to 6 hours after his arrest, which had occurred at 8:00, or possibly as late as 9:30 that morning. More importantly, the defendant's first statement to police came only after a codefendant, who had been arrested at a different time and place, made an independent statement to police which implicated the defendant in the homicide. Thus, any taint caused by the illegal arrest was fully dissipated before the defendant made any statements to the police (see, People v Mas, 110 AD2d 915, 916; People v Matos, 93 AD2d 772; People v Emrick, 89 AD2d 787, 788; cf. People v Gordon, 87 AD2d 636).

The defendant also contends that he was arrested at his home in violation of the rule of Payton v New York (445 US 573). We disagree. The evidence in the record establishes that the police entered into the defendant's home with the consent

of his mother. Consent can be established by conduct as well as by words *(see, People v Abrams,* 95 AD2d 155, 157; *United States v Griffin,* 530 F2d 739), and the defendant's mother's conduct in stepping aside from the door to admit the officers is enough to establish consent *(see, People v Taylor,* 111 AD2d 520). Moreover, even if there were a *Payton* violation in this case, for the reasons addressed in connection with the illegal arrest the resulting taint would have been fully attenuated by the time the defendant made his statements *(see also, People v Miller,* 105 AD2d 1127; *People v Graham,* 90 AD2d 198).

We have examined the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.