■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCHOF, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered June 25, 1985, convicting him of robbery in the first degree (four counts) and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him.

Ordered that the judgment is affirmed.

The defendant alleges that his arrest inside a private dwelling, by police officers who had no warrant or consent to enter, violated his Fourth Amendment right to be secure against unreasonable seizures, so that under the rule stated in *Payton*

*v New York* (445 US 573) his statements made thereafter should be suppressed. However, as the hearing court properly held, the defendant's uncle, a person with ostensible authority on the premises, effectively consented to the police presence, if not explicitly, then tacitly, by failing to direct them to leave or by in any other fashion indicating that they did not have his permission to remain. This tacit consent by a person with apparent authority *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854) was sufficient to obviate any possible violation of the *Payton* rule.

The defendant next argues that his incriminating statements should be suppressed since they were made involuntarily, during custodial interrogation, without counsel, and after an ineffective waiver of rights, in violation of the Fifth Amendment. This issue is basically one of credibility. It is well settled that "[i]ssues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous" *(People v Armstead,* 98 AD2d 726). Here the hearing court, considering "the totality of the circumstances", found that the defendant had made a knowing, intelligent and voluntary waiver of his rights in confessing to 4 armed robberies and 1 attempted robbery, and that the conduct of the police did not amount to unlawful force or duress.

Finally, the defendant alleges that his sentence, the result of a plea bargain, is excessive. However, the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed. Under the circumstances of this case, the defendant has no basis to now complain that his sentence was excessive *(see, People v Kazepis,* 101 AD2d 816). Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.