■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN SATORNINO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 27, 1984, convicting him of attempted rape in the first degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

With respect to the defendant's claim that his warrantless arrest in his home violated the rule of *Payton v New York* (445 US 573), the evidence in the record establishes that the defendant's mother who owned the home consented to the police detectives' entry. Consent can be established by conduct as well as words *(see, People v Davis,* 120 AD2d 606, 607; *People v Abrams,* 95 AD2d 155, 157). In this case the defendant's mother told the detectives that her son was in his bedroom and pointed to the room. Thus, by her words and conduct she indicated her consent *(see also, People v Schof,* 136 AD2d 578, 579).

Since the record supports the hearing court's determination (1) that the defendant's statement to police detectives prior to having been advised of his *Miranda* rights was spontaneous, and not the result of custodial interrogation, and (2) that his subsequent statements were voluntarily given after he was advised of his *Miranda* rights *(see, People v Prochilo,* 41 NY2d

759; *People v Rivers,* 56 NY2d 476, 479; *People v Martin,* 143 AD2d 773), his statements were properly admitted at trial.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that his guilt was proven beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant was properly sentenced as a persistent violent felony offender *(see, People v Morse,* 62 NY2d 205).

We have considered the defendant's remaining contentions and find them to be without merit. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.