■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRIS GONZALEZ, Appellant. [634 NYS2d 538] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 5, 1993, convicting her of assault in the first degree (three counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the baseball bat seized by police officers from her apartment should have been suppressed because the police entered her apartment without her expressed consent and without a warrant in violation of the rule of *Payton v New York* (445 US 573). It is well settled that consent can be established by conduct as well as words *(see, People v Satornino,* 153 AD2d 595; *People v Davis,* 120 AD2d 606, 607). The hearing court properly held that, by the defendant's conduct, she effectively consented, if not explicitly, then tacitly, to the police officers' entry and presence in her home by failing to ask them to leave or in any other manner indicating that they did not have her permission to remain *(see, People v Satornino, supra; People v Schof,* 136 AD2d 578, 579; *People v Davis, supra,* at 607). Thus, the hearing court properly denied the branch of the defendant's omnibus motion which was to suppress the baseball bat, which the officers saw in plain view and seized while they were in the defendant's apartment *(see, People v Nonni,* 141 AD2d 862, 863; *People v Kozlowski,* 69 NY2d 761, 762, *rearg denied* 69 NY2d 985).

The defendant contends that there was insufficient evidence to convict her of assault in the first degree for the first two of the three beatings. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree for the first two beatings beyond a reasonable doubt.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.