■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC RUSSO, Appellant. [663 NYS2d 623] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered June 26, 1995, convicting him of assault in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's claim that he was arrested without probable cause is without merit. The record establishes that the police were searching for the defendant for committing another crime, and received information from an identified individual in a face-to-face conversation that the defendant had committed the instant crime (*see, People v Smith,* 124 AD2d 756, 757; *People v Marin,* 91 AD2d 616, 617). The police also acted properly in arresting the defendant in his apartment although they had no warrant. Where a person with ostensible authority consents to police presence on the premises, either explicitly or tacitly, the right to be secure against warrantless arrests in private premises as expressed in *Payton v New York* (445 US 573) is not violated (*see, People v Schof,* 136 AD2d 578, 579). Here, the defendant's mother appeared to have the authority to consent to the entry of the apartment, since she admitted the officers into the apartment, and directed them to the defendant's room.

Contrary to the defendant's contention, a hearing to examine the circumstances under which he was identified was not necessary. The complainants testified that they had seen the defendant on numerous occasions over a period of years before the day of the incidents in question, rendering any possible suggestiveness in the identification procedure irrelevant (*see, People v Riley,* 70 NY2d 523; *People v Garcia,* 216 AD2d 412; *People v Gissendanner,* 48 NY2d 543; *People v Creech,* 183 AD2d 777; *People v McNeill,* 129 AD2d 818, 819).

The court did not err in seating a juror over the defendant's objection. The determination of whether an explanation for a challenge to a juror is merely pretextual is generally a matter for the trial court, the findings of which are entitled to great deference (*see, Batson v Kentucky,* 476 US 79; *People v Jupiter,* 210 AD2d 431). Here, the challenge was based primarily on the prospective juror's employment as a banker, and there was no showing that the nature of the employment was in any way related to the facts of the case. Thus, the nature of the juror's employment was not a "legitimate basis upon which to exclude him or her from the jury" (*People v Richie,* 217 AD2d 84, 88; *see, People v Stiff,* 206 AD2d 235). While the defendant offered

other reasons for the challenge, the court properly noted that another juror, who was not challenged, had answered questions in a manner similar to the challenged juror, establishing that the reasons for the challenge were not applied consistently (*see, People v Richie, supra,* at 88-89).

While the court erred in ruling that the People could cross examine the defendant about his possession of a weapon in an earlier case which had been dismissed, regardless of whether or not he opened the door to the issue (*see, People v Tramontano,* 65 AD2d 762), in view of the overwhelming evidence of guilt, this error was harmless (*see, People v Crimmins,* 36 NY2d 230, 241-243).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* brief, are unpreserved for appellate review and, in any event, are without merit. Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.