■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STURDIVANT, Appellant. [667 NYS2d 933] —Appeal by defendant from a judgment of the Supreme Court, Kings County (Garson, J.), rendered December 6, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of crimes arising from his murder of a store owner during a failed robbery attempt.

The defendant argues that his conviction must be reversed because it was based, *inter alia,* on evidence acquired as the result of a warrantless arrest made in his home in violation of *Payton v New York* (445 US 573). Specifically, the defendant argues that the People failed to sustain their burden of proof that the police entry into his home was consensual. However, crediting the testimony of the detectives then present, as did the hearing court (*see, People v Prochilo,* 41 NY2d 759), the People sustained their burden of proof that entry into the defendant's home was validly obtained upon the consent of his sister (*see, People v Gonzalez,* 39 NY2d 122; *People v Satornino,* 153 AD2d 595; *People v Schof,* 136 AD2d 578; *People v Davis,* 120 AD2d 606; *People v Riddick,* 56 AD2d 937). Thus, there was no *Payton* violation.

Further, viewing the trial evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.