■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MANUEL FALQUEZ, Respondent. [886 NYS2d 628]—

Appeal by the People from an order of the Supreme Court, Queens County (Aloise, J.), dated November 27, 2007, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The Supreme Court improperly granted that branch of the defendant's omnibus motion which was to suppress physical evidence on the ground that the police officers did not have probable cause to believe that the defendant committed a traffic infraction. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred," even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation (*Whren v United States,* 517 US 806, 810 [1996]; *see People v Robinson,* 97 NY2d 341, 348-349 [2001]). Here, the decision of police officers to stop the vehicle was justified by their observation that the driver of the vehicle made a left turn without signaling in violation of Vehicle and Traffic Law § 1163 (b).

The defendant's alternative arguments for affirmance are not reviewable on the People's appeal (*see* CPL 470.15 [1]; *People v LaFontaine,* 92 NY2d 470, 473-475 [1998]; *People v Goodfriend,*

64 NY2d 695, 697-698 [1984]). Skelos, J.P., Santucci, Belen and Hall, JJ., concur.