■ In the Matter of GILBERT M., a Person Alleged to be a Juvenile Delinquent, Appellant. [8 NYS3d 171]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about February 21, 2014, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the second degree, and placed him with the Administration for Children's Services' Close to Home program for a period of 18 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress physical evidence recovered from his apartment. There is no basis for disturbing the court's credibility determinations. The court properly found that the initial police entry into the apartment was made pursuant to appellant's mother's voluntary consent, conveyed by her beckoning hand gesture inviting them into the apartment (see e.g. People v Davis, 120 AD2d 606, 606-607 [2d Dept 1986], lv denied 68 NY2d 769 [1986]). The court likewise properly found that, after the police entered, appellant's aunt, the apartment's lessee, gave her voluntary and uncoerced consent to a search of the apartment by signing a consent form. We note that the aunt was expressly informed that she was not required to consent to the search. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.