■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON ARNOLD, Appellant. [30 NYS3d 333]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered January 24, 2013, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ingram, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The defendant contends that the cell phone seized from his jacket by a detective should have been suppressed because the police entered his apartment without consent and without a warrant, in violation of *Payton v New York* (445 US 573, 576 [1980]). The evidence at the suppression hearing supports the court's determination that the defendant's fiancée voluntarily consented to the warrantless entry, and thus, there was no *Payton* violation (*see People v Brown*, 234 AD2d 211 [1996], *affd* 91 NY2d 854 [1997]; *People v Lewis*, 194 AD2d 560 [1993], *affd* 82 NY2d 839 [1993]; *People v Smith*, 174 AD2d 701 [1991]; *People v Satornino*, 153 AD2d 595 [1989]; *People v Schof*, 136 AD2d 578 [1988]; *People v Davis*, 120 AD2d 606 [1986]). Although the defendant's fiancée testified that she did not provide consent to the detectives to enter, we do not find that the court's determination to credit the detective's testimony over that of the defendant's fiancée was unsupportable (*see People v Clement*, 154 AD2d 545 [1989]). Moreover, since the arrest was lawful, the defendant's jacket was properly searched incident to the arrest (*see United States v Robinson*, 414 US 218, 227 [1973]; *People v Lightfoot*, 22 AD3d 865 [2005]; *People v Gary*, 19 AD3d 1118 [2005]; *People v Paul*, 6 AD3d 1129, 1130 [2004]; *People v Capers*, 298 AD2d 184 [2002]; *People v Hughes*, 138 AD2d 523 [1988]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to

matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

Contrary to the People's contention, the defendant adequately preserved for appellate review his contention, raised in his pro se supplemental brief, that his conviction was not supported by legally sufficient evidence (*see* CPL 470.05 [2]). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court's sentence penalized him for exercising his right to a jury trial is unpreserved for appellate review since he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887 [1990]; *People v Martinez*, 55 AD3d 753, 754 [2008]). In any event, the defendant's contention is without merit. The record discloses no vindictiveness on the part of the court in arriving at the sentence. The fact that the sentence imposed after trial was greater than that offered in connection with plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (*see People v Garcia*, 46 AD3d 573, 574 [2007]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.