■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH BUNCE, Respondent. [35 NYS3d 414]—

Appeal by the People from an order of the County Court, Suffolk County (Toomey, J.), dated September 11, 2014, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials are denied, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

The defendant was charged with, among other things, criminal possession of a weapon in the second degree. In his omnibus motion, the defendant sought, inter alia, to suppress a gun recovered from his residence by the police, as well as statements he made to the police, on the ground that the police made a warrantless entry into his residence without consent or the existence of probable cause and exigent circumstances. After a hearing, the County Court granted those branches of the defendant's omnibus motion. We reverse.

Contrary to the People's contention, they failed to establish the existence of exigent circumstances (*see People v Green*, 103 AD3d 362, 363-364 [1984]) justifying the police officers' warrantless entry into the residence of the defendant and his mother. However, contrary to the County Court's determination, the evidence established that the police officers lawfully

entered the residence with the consent of the defendant's mother. "Where a person with ostensible authority consents to police presence on the premises, either explicitly or tacitly, the right to be secure against warrantless arrests in private premises as expressed in *Payton v New York* (445 US 573 [1980]) is not violated" (*People v Russo*, 243 AD2d 658, 659 [1997]; *see People v Read*, 74 AD3d 1245, 1246 [2010]). "[C]onsent can be established by conduct as well as words" (*People v Gonzalez*, 222 AD2d 453, 453 [1995]; *see People v Satornino*, 153 AD2d 595, 595 [1989]; *People v Davis*, 120 AD2d 606, 606-607 [1986]).

Here, the defendant's mother called 911, and two officers responded to the subject residence after receiving a radio dispatch of a violent domestic incident between a mother and son. When the officers arrived at the location, the defendant's mother exited the residence and stated to the officers, in reference to the defendant, who was then reentering the residence, "that's him. That's him. I don't want him here." This conduct was sufficient to establish her consent to enter the residence (*see Matter of Gilbert M.*, 127 AD3d 642, 642 [2015]; *People v Brown*, 234 AD2d 211, 213 [1996], *affd* 91 NY2d 854 [1997]; *People v Davis*, 120 AD2d at 607; *People v Taylor*, 111 AD2d 520, 521 [1985]; *People v James*, 2001 NY Slip Op 40035[U], *8 [Sup Ct, Bronx County 2001]). Further, the defendant's mother also effectively consented to the officers' entry and presence in the residence by failing to ask them to leave or otherwise indicating that they did not have her permission to remain (*see People v Gonzalez*, 222 AD2d 453 [1995]; *People v Schof*, 136 AD2d 578, 579 [1988]), and by restraining her dog to facilitate their entry into the residence.

The parties' remaining contentions either are without merit or not properly before this Court (*see* CPL 470.15; *People v Ingram*, 18 NY3d 948, 949 [2012]; *People v Falquez*, 66 AD3d 918, 918-919 [2009]).

Accordingly, the County Court should have denied those branches of the defendant's omnibus motion which were to suppress the gun he discarded after entering the residence, as well as his statements to law enforcement officials. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.