■ The People of the State of New York, Respondent, v Robert Salem Perdomo, Also Known as Robert Salemperdomo, Appellant. [64 NYS3d 47]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Camacho, J.), rendered March 25, 2015, convicting him of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence supporting his convictions was legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the defendant exercised a sufficient level of dominion and control over storage units where heroin, cocaine, and drug paraphernalia were found to support the jury's finding that he constructively possessed the heroin, cocaine, and drug paraphernalia (*see People v Manini*, 79 NY2d 561, 573 [1992]; *People v Johnson*, 54 AD3d 969, 971 [2008]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is without merit, as the challenged remarks were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Singletary*, 132 AD3d 914 [2015]; *People*

*v Mamadou*, 129 AD3d 993, 994 [2015]; *People v Fields*, 115 AD3d 673, 674 [2014]). To the extent that any prejudicial effect may have resulted from any of the challenged remarks, it was ameliorated by the County Court's instructions to the jury (*see People v Murphy*, 133 AD3d 690, 691 [2015]; *People v Philips*, 120 AD3d 1266, 1268 [2014]; *People v Flowers*, 102 AD3d 885, 886 [2013]).

The defendant's claim that he was deprived of the effective assistance of counsel is without merit, as he did not demonstrate that there was no strategic or legitimate explanation for the defense attorneys' allegedly deficient conduct, or that they otherwise failed to provide meaningful representation (*see People v Barboni*, 21 NY3d 393, 405-406 [2013]; *People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 709 [1988]). Viewed in their totality, the circumstances reveal that the defense attorneys provided meaningful representation (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d at 713-714).

The defendant's contention that the County Court, by the sentence it imposed after trial, penalized him for exercising his right to a trial is unpreserved for appellate review (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Arnold*, 139 AD3d 748, 750 [2016]; *People v Prince*, 128 AD3d 987, 988 [2015]). In any event, the record does not indicate any retaliation or vindictiveness against the defendant for electing to proceed to trial (*see People v Seymore*, 106 AD3d 1033, 1034 [2013]; *People v Griffin*, 98 AD3d 688, 690 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.