People v Rodriguez (2019 NY Slip Op 06003)





People v Rodriguez


2019 NY Slip Op 06003


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-00982
 (Ind. No. 425/16)

[*1]The People of the State of New York, respondent,
v
Rolando Rodriguez, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy Mazzei, J.), rendered November 20, 2017, convicting him of aggravated criminal contempt, criminal contempt in the first degree, assault in the second degree, unlawful imprisonment in the second degree, assault in the third degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court erred in permitting the People to introduce evidence of his prior acts of domestic abuse and threats against the complainant is without merit. That evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant and as evidence of the defendant's motive and intent in the commission of the charged crimes (see People v Frankline, 27 NY3d 1113, 1115; People v Dorn, 12 NY3d 16, 19).
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of assault in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Davidson, 150 AD3d 1142, 1143). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Gray, 86 NY2d 10, 19), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to all of the crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant was not deprived of the effective assistance of counsel (see People v Wragg, 26 NY3d 403, 412; People v Benevento, 91 NY2d 708, 712).
The defendant's contention that the County Court, by the sentence it imposed after trial, penalized him for exercising his right to a trial is without merit, as the record does not indicate any retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Perdomo, 154 AD3d 886, 887; People v Arnold, 139 AD3d 748, 750; People v Seymore, 106 AD3d 1033, 1034).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court