People v Steele-Warrick (2019 NY Slip Op 08428)





People v Steele-Warrick


2019 NY Slip Op 08428


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2015-05287
2018-15026
 (Ind. No. 2895/14)

[*1]The People of the State of New York, respondent,
v
Nadezda Steele-Warrick, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered May 8, 2015, convicting her of assault in the first degree, upon her plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court dated November 30, 2018, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate the judgment. The appeal from the judgment brings up for review the denial, after a hearing (Steven Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment; and it is further,
ORDERED that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment.
The defendant was charged with assault in the first degree and lesser offenses after stabbing her mother-in-law with scissors during an altercation in their home. The police subsequently recovered the scissors used in the assault from a kitchen drawer in the residence.
We agree with the determination of the Supreme Court to deny that branch of the defendant's omnibus motion which was to suppress physical evidence. The credible evidence adduced at the pretrial suppression hearing established that, under the totality of the circumstances, the defendant's husband voluntarily consented to the search of the home and the seizure of the scissors (see People v Bunce, 141 AD3d 536, 537; People v Gonzalez, 222 AD2d 453).
However, the plea of guilty must be vacated. During the plea colloquy, the Supreme Court stated, and the defendant admitted, the elements of assault in the first degree as including an intent to inflict physical injury and conduct which in fact causes physical injury. However, the crime of assault in the first degree, as defined in Penal Law § 120.10(1), requires an intent to inflict serious physical injury and conduct which in fact causes serious physical injury. Under the circumstances, [*2]since the defendant admitted harboring an intent and inflicting an injury other than those required for the commission of assault in the first degree, the defendant's plea of guilty must be vacated, as her allocution failed to make out the requisite elements of that crime (see People v Marrero, 130 AD3d 1148, 1149; People v Wedgewood, 106 AD2d 674, 676-677).
Accordingly, we reverse the judgment, vacate the plea, and remit the matter to the Supreme Court, Queens County, for further proceedings on the indictment.
The defendant's remaining contentions need not be addressed in light of our determination.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court