People v Wingfield (2020 NY Slip Op 01819)





People v Wingfield


2020 NY Slip Op 01819


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1224 KA 17-00925

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEROME WINGFIELD, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAIXI XU OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered May 1, 2017. The judgment convicted defendant upon his plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his pleas of guilty during a single plea proceeding of, respectively, assault in the second degree (Penal Law § 120.05 [2]) and attempted burglary in the second degree (§§ 110.00, 140.25 [2]). Contrary to defendant's contention with respect to both appeals, the record establishes that he knowingly, intelligently, and voluntarily waived his right to appeal, and that he understood that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). Defendant's valid waiver of the right to appeal encompasses his challenge in each appeal to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]).
Defendant further contends in each appeal that he was denied effective assistance of counsel based on defense counsel's failure to seek suppression of certain statements made by defendant following his warrantless arrest at a residence on the ground that they were obtained in violation of Payton v New York (445 US 573 [1980]). To the extent that defendant's contention survives his guilty pleas and valid waiver of the right to appeal (see People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]), we conclude that it lacks merit because an argument for suppression on that ground would have had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]; see generally People v Bunce, 141 AD3d 536, 537 [2d Dept 2016], lv denied 28 NY3d 969 [2016]).
Defendant also contends in each appeal that County Court erred in sentencing him as a second felony offender based on his prior felony conviction in the State of Georgia because the Georgia statute under which he was convicted applies to conduct that does not constitute a felony in New York. We conclude, however, that defendant's contention is unpreserved for our review inasmuch as defendant never "raise[d] the issue . . . whether the statute under which he was convicted in [Georgia] is the equivalent of a New York . . . felony" at the plea colloquy or sentencing (People v Kelly, 65 AD3d 886, 887 [1st Dept 2009], lv denied 13 NY3d 860 [2009], reconsideration denied 15 NY3d 775 [2010]; see generally People v Smith, 73 NY2d 961, 962-963 [1989]). Although there is a " narrow exception to the preservation rule' " permitting appellate review when a sentence's illegality is readily discernible from the record (People v Nieves, 2 NY3d 310, 315 [2004], quoting People v Samms, 95 NY2d 52, 56 [2000]), this case does not fall within that narrow exception inasmuch as defendant's contention is based on [*2]matters outside the record and may not be evaluated simply by comparing the relevant statutes under New York's strict equivalency test (see generally People v Helms, 30 NY3d 259, 263-265 [2017]). Finally, because "[a] CPL 440.20 motion is the proper vehicle for raising a challenge to a sentence as unauthorized, illegally imposed or otherwise invalid as a matter of law' (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence" (People v Jurgins, 26 NY3d 607, 612 [2015]), we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court