■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER REYES, Appellant. [594 NYS2d 55] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Naro, J.), both rendered November 25, 1985, convicting him of robbery in the first degree under Indictment No. 6025/84, upon his plea of guilty, and robbery in the second degree (two counts), under Indictment No. 6117/84, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 6025/84 brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion under that indictment which were to suppress statements made by the defendant to law enforcement officials, identification testimony, and physical evidence.

Ordered that the judgments are affirmed.

The defendant and the codefendant were convicted of two gunpoint robberies. One robbery occurred at a liquor store on the evening of November 12, 1984. The other robbery of a livery cab driver and his vehicle, occurred on the following morning.

Contrary to the defendant's argument on appeal, there was probable cause for the police officer to effect a warrantless arrest of the defendant. It is well settled that probable cause to arrest exists when the facts and circumstances, viewed together, would lead a reasonable person, possessing the same expertise as the arresting officer, to conclude that an offense was committed and that the person arrested was the perpetrator *(see, People v Carrasquillo,* 54 NY2d 248; *People v Javier,* 175 AD2d 182; *People v Rivera,* 166 AD2d 678).

The police obtained fairly detailed descriptions of the perpetrators of the liquor store robbery from both the owner of the store and from his son who, unnoticed by the robbers, observed them as they fled the scene of the crime. The son was also able to provide the police with the license plate of the car in which the robbers fled. After interviewing the owner of the "getaway" car, the police obtained, *inter alia,* the names of the individuals who were in possession of the car at the time the robbery was committed, as well as further descriptions which conformed to those provided by the victims of the robbery. Under these circumstances, there was probable cause to believe that the defendants had committed the crime for which they were arrested *(see, People v Bigelow,* 66 NY2d 417; *People v Carrasquillo, supra; People v Witherspoon,* 115 AD2d 572). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials, identification testimony, and physical evidence.

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.