■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD L. BROWN, Appellant. (Appeal No. 2.) [617 NYS2d 662] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention that defendant's conviction of perjury in the first degree (Penal Law § 210.15) is against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant contends that his absence from bench conferences during voir dire requires reversal because he did not voluntarily, knowingly and intelligently waive his right to be present. That contention is without merit. Defendant explicitly authorized County Court to conduct bench conferences outside his presence. In any event, the prospective jurors who were the subjects of the two bench conferences during voir dire were excused. Reversal, therefore, is not required *(see, People v Castro-Garcia,* 203 AD2d 899).

Defendant did not challenge the predicate felony statement submitted by the People pursuant to CPL 400.21 and may not challenge his second felony offender status for the first time on appeal *(see, People v Smith,* 73 NY2d 961; *People v Gessner,* 188 AD2d 1079, *lv denied* 81 NY2d 1073).

Finally, the sentence is not harsh or excessive. (Appeal from Judgment of Erie County Court, D'Amico, J.—Perjury, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.