■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MATTHEWS, Also Known as ERNEST MATHEWS, Appellant. [636 NYS2d 76] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 11, 1994, convicting him of sexual abuse in the first degree (three counts), sexual abuse in the third degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The decision to consolidate indictments under CPL 200.20 (4) is committed to the sound discretion of the trial court *(see, People v Lane,* 56 NY2d 1, 8). Trial courts should weigh the public interest in avoiding duplicative, lengthy, and expensive trials against the defendant's interest in being protected from unfair disadvantage *(see, People v Lane, supra)*. It cannot be said that the Supreme Court improvidently exercised its discretion in consolidating Indictment Nos. 8870/93 and 9844/93.

"It is well settled that probable cause to arrest exists when the facts and circumstances, viewed together, would lead a reasonable person, possessing the same expertise as the arresting officer, to conclude that an offense was committed and that the person arrested was the perpetrator" *(People v Reyes,* 191 AD2d 467, 468; *see, People v Carrasquillo,* 54 NY2d 248). The defendant does not contest his arrest with respect to his initial lineup. He contends, however, that after he was identified by the first complainant, there was no probable cause to keep him in the police station for the second lineup conducted moments later. We disagree.

Since the police already had probable cause to detain the defendant with respect to the first lineup, the second viewing of

the lineup was proper. In any event, in light of the unique modus operandi of the four attacks, and the second complainant's description of her attacher, which closely matched the description given by the other complainants, there was probable cause to arrest the defendant with respect to the attack on the second complainant *(see, People v Reyes, supra)*. Furthermore, there was probable cause to detain the defendant for the third lineup, as the third complainant had identified him in a photographic array prior to his arrest.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Altman, Friedmann and Goldstein, JJ., concur.