■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GONZALEZ, Appellant. [645 NYS2d 319] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered July 12, 1994, convicting him of burglary in the first degree (five counts), robbery in the first degree (five counts), rape in the first degree, sodomy in the first degree, assault in the first degree, and sexual abuse in the first degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The decision to consolidate indictments under CPL 200.20 (4) is committed to the sound discretion of the trial court (see, People v Lane, 56 NY2d 1, 8; see also, People v Matthews, 222 AD2d 703). Trial courts should weigh the public interest in

avoiding duplicative, lengthy, and expensive trials against the defendant's interest in being protected from unfair disadvantage *(see, People v Lane, supra; People v Matthews, supra)*. It cannot be said that the court improvidently exercised its discretion when it consolidated Indictment Nos. 93-00772 and 93-00893.

The court properly denied the defendant's motion for a mistrial based upon the prosecutor's inflammatory comments during the People's opening statement. The comments, while improper, were harmless in light of the overwhelming evidence of guilt *(see, People v Reeder, 221 AD2d 666; People v Rogha, 213 AD2d 266)*.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.