■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. DIXON, Appellant. [758 NYS2d 587] —Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered February 25, 2002, convicting defendant upon his plea of guilty of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that reversal is required because his factual allocution negated an essential element of the crime, i.e., entry into the building. The waiver by defendant of his right to appeal encompasses that contention (*see People v Harris,* 233 AD2d 959 [1996], *lv denied* 89 NY2d 1094 [1997]; *People v Zimmerman,* 219 AD2d 848 [1995], *lv denied* 88 NY2d 856 [1996]). Defendant further contends that he was denied effective assistance of counsel when he made a pro se motion to withdraw his plea and County Court heard and denied the motion in the absence of defense counsel (*see e.g. People v Allen,* 301 AD2d 874 [2003]). Although the court should have reserved decision on defendant's motion until defense counsel was present, the error was cured when the court afforded defendant a second opportunity to be heard on the motion in the presence of defense counsel before sentencing defendant. Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.