THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIFF JACKSON, Appellant. [803 NYS2d 828]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), entered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of, inter alia, sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, sodomy in the first degree (Penal Law former § 130.50 [1]), two counts of rape in the first degree (§ 130.35 [1]), and three counts of robbery in the first degree (§ 160.15 [1], [3], [4]). We reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Although "[a] single error may qualify as ineffective assistance, . . . [t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]). Here, "defendant failed to show that he suffered the requisite prejudice because of counsel's failure to move for severance" of the counts involving one victim from those involving the other victim (*People v McNerney*, 6 AD3d 1107, 1107 [2004], *lv denied* 3 NY3d 678 [2004], citing *People v Ruger*, 288 AD2d 686, 687 [2001], *lv denied* 97 NY2d 733 [2002]).

We further reject the contention of defendant that Supreme Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.10. The record supports the court's determination that the identity of defendant as the sexual assailant, and thus his whereabouts, were not ascertainable by diligent efforts prior to July 1998 (*see People v Jones*, 299 AD2d 283 [2002], *lv denied* 99 NY2d 655 [2003]; *see generally People v Seda*, 93 NY2d 307, 311-312 [1999]). The sentence, which we note is reduced by operation of law to an indeterminate term of 25 to 50 years (*see* Penal Law § 70.30 [1] [e] [i], [vi]), is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.