■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA KOZIKOWSKI, Appellant. [803 NYS2d 841]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 19, 2003. The judgment convicted defendant, upon her plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon her plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that Supreme Court should have suppressed her statement to the police on the ground that it was the fruit of an illegal arrest at her home. We reject that contention. Defendant's reliance on *Payton v New York* (445 US 573 [1980]) is misplaced because, here, the police had obtained a search warrant based on an affidavit given by an identified civilian known to the police. In any event, the suppression court determined that the police searched defendant's home with the consent of defendant. Although defendant contends that she did not provide her consent to search her home, the suppression court's determination that she did provide her consent is entitled to great deference and will not be disturbed (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Because the police were validly in defendant's home, *Payton* does not apply. We note in addition that defendant mistakenly relies on *People v Blake* (35 NY2d 331 [1974]) for the proposition that, once an

arrest warrant is issued, a defendant may not be questioned outside the presence of counsel. Here, no arrest warrant was issued, and the mere acquisition of the search warrant did not trigger defendant's indelible right to counsel prior to arraignment (*see generally People v Dawson*, 249 AD2d 977, 978 [1998], *lv denied* 93 NY2d 872 [1999]). Finally, defendant failed to preserve for our review her contention that her plea was not knowingly, voluntarily and intelligently entered, and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]). Present—Scudder, J.P., Martoche, Smith, Pine and Hayes, JJ.