■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. GAGNER, Appellant. [872 NYS2d 623]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered March 28, 2007. The judgment convicted defendant, upon a jury verdict, of possessing a sexual performance by a child, harassment in the second degree, criminal contempt in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of, inter alia, possessing a sexual performance by a child (Penal Law § 263.16). We agree with defendant that County Court erred in considering evidence that was not presented at the suppression hearing when making its findings of fact in connection with its suppression ruling (*see People v Washington*, 291 AD2d 780, 781 [2002], *lv denied* 98 NY2d 682 [2002]). We conclude, however, that the court sufficiently cured the error by

basing its suppression ruling solely on the evidence presented at the suppression hearing (*see generally People v Dixon*, 305 AD2d 1020 [2003]). We reject the further contention of defendant that his wife did not freely consent to the search of their home by the police (*see People v Santiago*, 41 AD3d 1172, 1173-1174 [2007], *lv denied* 9 NY3d 964 [2007]). The court's determination that she did in fact provide her consent is entitled to great deference (*see People v Kozikowski*, 23 AD3d 990 [2005], *lv denied* 6 NY3d 755 [2005]), and we perceive no reason to disturb that determination.

We agree with defendant that the court erred in instructing the jury that it could consider a variance in the proof at trial with respect to the time of the offense as opposed to that set forth in the indictment (*see* 1 CJI[NY] 8.01, at 376). The indictment charged defendant with possessing a sexual performance by a child on October 24, 2005, while the proof at trial established that one of the three photographs in question was moved or deleted from defendant's computer on March 13, 2005. That jury instruction was intended for cases involving ''relatively minor variances'' of time, not the discrepancy of more than seven months present in this case (*People v Bigda*, 184 AD2d 993, 994 [1992]; *cf. People v Jones*, 37 AD3d 1111 [2007], *lv denied* 8 NY3d 986 [2007]; *People v Davis*, 15 AD3d 920, 921 [2005], *lv denied* 4 NY3d 885 [2005], 5 NY3d 787 [2005]). We conclude, however, that the court's error in giving that instruction is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Contrary to defendant's further contention, the order of protection was properly admitted in evidence under the public document or official entry exception to the hearsay rule (*see People v Casey*, 95 NY2d 354, 361-362 [2000]). Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.