# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

716

KA 09-01149

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                 V                          MEMORANDUM AND ORDER

STEPHEN E. SIGL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered November 10, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and sodomy in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [3]) and sodomy in the first degree (former § 130.50 [1]), defendant contends that County Court erred in refusing to dismiss the indictment as time-barred. We reject that contention. Contrary to defendant's contention, the court properly applied CPL 30.10 (4) (a) (ii), which tolls the statute of limitations where a defendant's "whereabouts were continuously unknown and continuously unascertainable by the exercise of reasonable diligence." That statute applies where, as here, "the police are unable to identify the perpetrator of a crime despite the exercise of reasonable diligence or have identified the perpetrator but cannot find him [or her] after a diligent investigation" (*People v Quinto*, 18 NY3d 409, 419). Here, "[t]he record supports the court's determination that the identity of defendant as the sexual assailant, and thus his whereabouts, were not ascertainable by diligent efforts" before 2008, when the State DNA Indexing System matched the DNA profile from the semen found on the victim's night shirt with DNA obtained from defendant in conjunction with an unrelated 2007 conviction (*People v Jackson*, 21 AD3d 1355, 1356, *lv denied* 6 NY3d 777, *reconsideration denied* 7 NY3d 757).

Contrary to defendant's further contention, the court properly refused to suppress the statements he made to the police. Defendant contends, inter alia, that the statements should have been suppressed

on the ground that they were the product of an arrest made inside his home without a warrant in violation of his rights as set forth in *Payton v New York* (445 US 573).  We agree with the court that *Payton* does not apply because defendant was not arrested inside his apartment but, rather, he voluntarily agreed to accompany the officers to the police station.  Even assuming, arguendo, that there was a warrantless arrest of defendant in his apartment, we note that it is well settled that "tacit consent by a person with apparent authority . . . [is] sufficient to obviate any possible violation of the *Payton* rule" (*People v Schof*, 136 AD2d 578, 579, *lv denied* 71 NY2d 1033; *see generally Schneckloth v Bustamonte*, 412 US 218, 219).  Here, the People established that the police officers entered the apartment with the consent of defendant's father (*see People v Johnson*, 46 AD3d 276, 276-277, *lv denied* 10 NY3d 865; *People v Barnhill*, 34 AD3d 933, 934, *lv denied* 8 NY3d 843; *People v Smith*, 239 AD2d 219, 220-221, *lv denied* 90 NY2d 911).  Although "the police may not have received express permission to enter the premises, [the] gesture [of defendant's father] of opening the door, leaving it wide open, and then walking away from it could certainly be interpreted by the police to consist of tacit approval for them to enter" (*People v Brown*, 234 AD2d 211, 213, *affd* 91 NY2d 854).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801).

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court