# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

562
KA 12-00893
PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LARRY WILLIAMS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

LARRY WILLIAMS, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 10, 2010. The judgment convicted defendant, upon his plea of guilty, of arson in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of arson in the second degree (Penal Law § 150.15), defendant contends in his main brief on appeal that his statements to the police were not preceded by *Miranda* warnings and thus that Supreme Court erred in refusing to suppress those statements. We reject that contention. " 'Where, as here, the People have initially demonstrated the legality of the police conduct and defendant's waiver, the burden of persuasion on the motion to suppress rests with defendant' " (*People v Dunlap*, 24 AD3d 1318, 1319, *lv denied* 6 NY3d 812). Contrary to defendant's contention, he failed to meet his burden. The minor inconsistencies in the testimony of the police witnesses at the suppression hearing concerning the precise time when the warnings were provided does not undermine the court's determination that those witnesses were credible (*see People v Shaw*, 66 AD3d 1417, 1418, *lv denied* 14 NY3d 773). Defendant's remaining contentions with respect to suppression of items seized as a result of his statements are moot in light of our determination. Defendant failed to preserve for our review his contention in his pro se supplemental brief that the police arrested him without probable cause inasmuch as "he failed to request a probable cause hearing or to raise that contention at the *Huntley* hearing" (*People v Mobley*, 49 AD3d 1343, 1344, *lv denied* 11 NY3d 791; *see People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868). We

decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Defendant's further contention in his main brief that his plea was not knowing, intelligent and voluntary because he did not recite the underlying facts of the crime "is actually a challenge to the factual sufficiency of the plea allocution" (*People v McCarthy*, 83 AD3d 1533, 1534, *lv denied* 17 NY3d 819 [internal quotation marks omitted]). That challenge is unpreserved for our review because defendant did not move to withdraw the plea or to set aside the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665). In any event, "[t]he record establishes that defendant confirmed the accuracy of Supreme Court's recitation of the facts underlying the crime, and contrary to [his] contention, there is no requirement that [he] personally recite those facts" (*People v Whipple*, 37 AD3d 1148, 1148, *lv denied* 8 NY3d 928; *see People v Simcoe*, 74 AD3d 1858, 1859, *lv denied* 15 NY3d 778).

Defendant also contends in his pro se supplemental brief that he was denied effective assistance of counsel. That contention "involves matters outside the record on appeal, and thus the proper procedural vehicle for raising [it] is by way of a motion pursuant to CPL 440.10" (*People v Wilson*, 49 AD3d 1224, 1225, *lv denied* 10 NY3d 966; *see People v Johnson*, 81 AD3d 1428, 1428, *lv denied* 16 NY3d 896; *People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803). He further challenges therein his adjudication as a second felony offender on the ground that the underlying conviction was obtained in violation of his constitutional rights. That challenge is not properly before us. "Defendant did not challenge the predicate felony statement submitted by the People pursuant to CPL 400.21 and may not challenge his second felony offender status for the first time on appeal" (*People v Brown*, 207 AD2d 962, 962, *lv denied* 85 NY2d 860; *see People v Smith*, 73 NY2d 961, 962-963; *People v Fidler*, 28 AD3d 1220, 1221, *lv denied* 7 NY3d 755).

Finally, we reject defendant's challenge in his main brief to the severity of the sentence.

Entered: June 20, 2014                                    Frances E. Cafarell
                                                          Clerk of the Court