# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1039
KA 14-00755
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

DARRYL NANCE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered March 21, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that Supreme Court erred in refusing to suppress the handgun seized by the police from defendant's apartment on the ground that his girlfriend's consent to search was not voluntarily given. " 'It is well established that the police need not procure a warrant in order to conduct a lawful search when they have obtained the voluntary consent of a party possessing the requisite authority or control over the premises or property to be inspected' " (*People v Plumley*, 111 AD3d 1418, 1419, *lv denied* 22 NY3d 1140). "Here, the totality of the circumstances establishes that [defendant's girlfriend] 'not only consented to the search, but also cooperated with the [search by drawing the officers' attention to the location where the gun was recovered] to accomplish the search. Such conduct signified the voluntary consent and willingness [of defendant's girlfriend] to cooperate with the police officers in their search' " (*People v McCray*, 96 AD3d 1480, 1481, *lv denied* 19 NY3d 1104; *see People v Santiago*, 41 AD3d 1172, 1173-1174, *lv denied* 9 NY3d 964). Contrary to defendant's contention, his girlfriend did not indicate that she was under duress or compelled by law enforcement to consent to the search.

Also contrary to defendant's contention, he was not improperly

detained in order to prevent him from objecting to the search. The officer's prior knowledge of defendant's dangerous propensities provided him with a reasonable basis for detaining defendant, to ensure officer safety (*see People v Binion*, 100 AD3d 1514, 1516, *lv denied* 21 NY3d 911). Defendant failed to preserve for our review his contention that the police lacked probable cause to arrest him (*see People v Williams*, 118 AD3d 1429, 1429-1430, *lv denied* 24 NY3d 1222), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Finally, we reject defendant's contention that the court erred in refusing to suppress the showup identification as unduly suggestive. "The showup procedure was reasonable under the circumstances because it was conducted in 'geographic and temporal proximity to the crime,' " and it was not rendered unduly suggestive by the fact that defendant was in handcuffs and in the presence of a police officer during the procedure (*People v Santiago*, 83 AD3d 1471, 1471, *lv denied* 17 NY3d 800).

Entered: October 9, 2015

Frances E. Cafarell
Clerk of the Court