# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**226**

**KA 15-00994**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

DWAYNE HOLLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered October 4, 2012. The judgment convicted defendant, upon a nonjury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Defendant contends that Supreme Court erred in refusing to suppress evidence seized from his girlfriend's apartment, where he spent many nights, because his girlfriend's consent to search her apartment was not voluntarily given. We reject that contention. Defendant's girlfriend gave both oral and written consent to search her apartment and, based on the totality of the circumstances, we conclude that the consent was voluntary and not the product of coercion (*see People v Nance*, 132 AD3d 1389, 1390, *lv denied* 26 NY3d 1091; *People v Caldwell*, 221 AD2d 972, 972-973, *lv denied* 87 NY2d 920). Indeed, the record establishes that "the atmosphere was not one of 'overbearing official pressure' " (*People v Oldacre*, 53 AD3d 675, 677, quoting *People v Gonzalez*, 39 NY2d 122, 128). We further reject defendant's contention that the police improperly detained him in order to prevent him from objecting to the search of the apartment (*see Nance*, 132 AD3d at 1389). The police suspected defendant of an armed bank robbery that had occurred earlier that day, thus giving the police a reasonable basis for detaining him for officer safety (*see id.* at 1389-1390).

Defendant's contention that there was a *Payton* violation is likewise without merit. " 'Where a person with ostensible authority consents to police presence on the premises, either explicitly or tacitly, the right to be secure against warrantless arrests in private

premises as expressed in *Payton v New York* (445 US 573 [1980]) is not violated' " (*People v Bunce*, 141 AD3d 536, 537, *lv denied* 28 NY3d 969; *see People v Kozikowski*, 23 AD3d 990, 990, *lv denied* 6 NY3d 755). Here, the conduct of defendant's girlfriend when the police arrived at her apartment established that she consented to the police entering her home (*see People v Richardson*, 143 AD3d 1252, 1254; *People v Sigl*, 107 AD3d 1585, 1586-1587, *lv denied* 21 NY3d 1077). Defendant's contention that the police lacked probable cause to arrest him is not preserved for our review (*see Nance*, 132 AD3d at 1390), and is without merit in any event (*see People v Reyes*, 191 AD2d 467, 468).

Contrary to defendant's contention, the evidence is legally sufficient to establish that he was the perpetrator of the robbery (*see generally People v Bleakley*, 69 NY2d 490, 495). The bank teller identified defendant as the perpetrator, and that identification was buttressed by " 'a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was . . . the perpetrator[]' " (*People v Daniels*, 125 AD3d 1432, 1433, *lv denied* 25 NY3d 1071, *reconsideration denied* 26 NY3d 928). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's contention that the court erred in refusing to suppress his statements as involuntarily made. The police officers' reference to a surveillance video, while deceptive, "was not so fundamentally unfair as to deny defendant due process," nor was it "accompanied by a promise or threat likely to produce a false confession" (*People v Dickson*, 260 AD2d 931, 932, *lv denied* 93 NY2d 1017, citing *People v Tarsia*, 50 NY2d 1, 11; *see People v Lewis*, 93 AD3d 1264, 1265-1266, *appeal dismissed* 19 NY3d 963). The sentence, which was close to the minimum, is not unduly harsh or severe.

Entered:  March 24, 2017                      Frances E. Cafarell
                                              Clerk of the Court