THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRUNO, Appellant. [743 NYS2d 401] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered October 13, 1999, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to a term of 12½ to 25 years on the manslaughter conviction, consecutive to a term of 22 years to life on the drug possession conviction, and concurrent with a term of 7½ to 15 years on the weapons possession conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the conviction for criminal possession of a controlled substance in the first degree to a term of 15 years to life, and otherwise affirmed.

Defendant's suppression motion was properly denied in its entirety. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761).

The record supports the court's finding that, based on the totality of circumstances, defendant's wife voluntarily consented to search the apartment for a gun (*see, People v Gonzalez*, 39 NY2d 122, 128-130). The hearing evidence establishes that the consent, which was in writing, was obtained in a calm, noncoercive atmosphere. We note that during most of the time that the police were at the apartment, no more than two detectives were present, and that there was no credible evidence that defendant's wife was threatened or that her will was overborne in any manner.

The police did not exceed the scope of the search when, while looking for a gun, they searched a down jacket hanging in a closet and discovered six ounces of cocaine in a pocket (*see, Florida v Jimeno*, 500 US 248). It was objectively reasonable for the police to conclude that the consent to search the apartment for a gun encompassed a thorough search of any location

where a gun might have been secreted, including a down jacket, and was not limited to a cursory "patdown" of such a jacket for hard objects. Defendant's remaining claims concerning the recovery of the drugs from the jacket are unsupported by the record.

The record establishes that defendant's statements were voluntary (*see, Arizona v Fulminante*, 499 US 279). The presence of defendant's wife at the station house was not a coercive factor, since the police did nothing to exploit her presence. There is no credible evidence that the police made any threat, express or implied, to arrest defendant's wife.

We find the sentence imposed upon the conviction for criminal possession of a controlled substance in the first degree to be excessive to the extent indicated; however, the term as reduced to 15 years to life shall remain consecutive to the sentence imposed on the conviction of manslaughter in the first degree. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Friedman, JJ.