Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered October 29, 2002, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).
The hearing court properly denied these branches of the defendant’s omnibus motion which were to suppress a loaded pistol recovered from his vehicle and subsequent statements he made to police. Contrary to the defendant’s contention, the record supports the hearing court’s determination that the defendant voluntarily consented to the search of his sports utility vehicle (see People v Gonzalez, 39 NY2d 122, 128-130 [1976]). Moreover, under the circumstances of this case, the search of the defendant’s vehicle did not exceed the scope of his consent when, while looking for a weapon, an officer searched a duffel bag located in the rear cargo area of the vehicle (see Florida v Jimeno, 500 US 248 [1991]). “The standard for measuring the scope of a suspect’s consent under the Fourth Amendment is that of ‘objective’ reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the subject?” (Florida v Jimeno, supra at 251.) Here, it was objectively reasonable for the police to conclude that the defendant’s consent to search his vehicle included a search of any items where a weapon might be hidden, including the duffel bag in the rear cargo area of the vehicle (see People v Bruno, 294 AD2d 179, 179-180 [2002]; see also United States v Rich, *606 992 F2d 502, 506 [1993], cert denied 510 US 933 [1993]). Florio, J.E, Friedmann, H. Miller and Mastro, JJ., concur.