THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. FORBES, JR., Appellant. [897 NYS2d 352]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered November 14, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, that part of the motion seeking to suppress tangible property is granted and a new trial is granted.

Memorandum: On appeal from a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking to suppress tangible property seized by the police following their warrantless entry into his home. We agree. It is well settled that "police officers

need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home" (*Kirk v Louisiana*, 536 US 635, 638 [2002]; *see Payton v New York*, 445 US 573, 589-590 [1980]). Where, as here, the People contend that a suspect gave his or her consent to the police to enter the suspect's home, "the burden of proof rests heavily upon the People to establish the voluntariness of that waiver of a constitutional right" (*People v Whitehurst*, 25 NY2d 389, 391 [1969]). We agree with defendant that the People failed to meet that burden in this case. The record of the suppression hearing establishes that two Rochester police officers went to defendant's last known address for the purpose of taking defendant into custody for questioning. Upon arriving there, the officers asked defendant for identification and then immediately entered his home when he turned to procure his identification papers. Consequently, we conclude that defendant did not voluntarily consent to the officers' entry into his home (*see People v Richardson*, 229 AD2d 316 [1996], *appeal dismissed* 89 NY2d 933 [1997]; *see generally People v Gonzalez*, 39 NY2d 122, 128 [1976]). We note in addition that the People did not contend at the suppression hearing that exigent circumstances existed to justify the entry or that the tangible property was not the fruit of the unlawful entry, nor indeed do they raise those contentions on appeal. We thus agree with defendant that the court erred in denying that part of his omnibus motion seeking to suppress tangible property.

In view of our determination, we do not address defendant's remaining contentions. Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.