# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

749
KA 11-01022
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

WENFORD N. MCCRAY, DEFENDANT-APPELLANT.

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Matthew J.
Murphy, III, J.), rendered March 8, 2010. The judgment convicted
defendant, upon a jury verdict, of sexual abuse in the third degree
and criminal sexual act in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury
verdict of sexual abuse in the third degree (Penal Law § 130.55) and
criminal sexual act in the third degree (§ 130.40 [2]), defendant
contends that the verdict is against the weight of the evidence. We
reject that contention. "The credibility of the victim and the weight
to be accorded [his] testimony were matters for the jury" (*People v
Halwig*, 288 AD2d 949, 949, *lv denied* 98 NY2d 710; *see People v Gray*,
15 AD3d 889, 890, *lv denied* 4 NY3d 831). Although defendant was
acquitted of the other felony offenses charged in the indictment
involving the same victim, the jury was entitled to reject certain
portions of the victim's testimony while crediting other portions (*see
People v Reed*, 40 NY2d 204, 208).

Contrary to defendant's further contentions, County Court
properly denied his oral motion to suppress his statements to the
police and the evidence seized from his apartment upon determining
that defendant's initial statements to the police were the result of
investigatory questioning, and that he voluntarily consented to the
search of his apartment. With respect to the determination that
defendant's initial statements resulted from investigatory
questioning, we reject defendant's contention that the police should
have ceased questioning him and placed him under arrest after their
initial investigatory questioning because they had probable cause to
arrest him at that time. "There is no constitutional right to be

arrested and the police are not required to stop their investigation at the first indication that they may have probable cause in order to effect an arrest" (*People v Keller*, 148 AD2d 958, 960, *lv denied* 73 NY2d 1017; *see Hoffa v United States*, 385 US 293, 310, *reh denied* 386 US 940; *People v Ahmed*, 72 AD3d 502, 505, *lv denied* 15 NY3d 801).

With respect to defendant's contention that he did not voluntarily consent to the search, it is well settled that the People have the heavy burden of establishing voluntary consent (*see People v Gonzalez*, 39 NY2d 122, 127-128; *People v Whitehurst*, 25 NY2d 389, 391). The determination whether consent was voluntarily given is based on the totality of the circumstances (*see Schneckloth v Bustamonte*, 412 US 218, 226; *Gonzalez*, 39 NY2d at 128; *People v Hyla*, 291 AD2d 928, 929, *lv denied* 98 NY2d 652). The fact that defendant was in custody does not require suppression (*see generally People v Edwards*, 46 AD3d 698, 699, *lv denied* 10 NY3d 764), and "[t]he voluntariness of a consent to search is not vitiated, per se, by the failure to give *Miranda* warnings to an accused while subject to custodial interrogation" (*People v Tremblay*, 77 AD2d 807, 807). Here, the totality of the circumstances establishes that defendant "not only consented to the search, but also cooperated with the [search by tossing his apartment keys to the searching officer] to accomplish the search. Such conduct signified the defendant's voluntary consent and willingness to cooperate with the police officers in their search" (*People v Quagliata*, 53 AD3d 670, 672, *lv denied* 11 NY3d 834; *see People v DePace*, 127 AD2d 847, 848-849, *lv denied* 69 NY2d 879).

Contrary to defendant's final contention, the sentence is not unduly harsh or severe.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court