# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**889**

**KA 13-01956**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

MICHAEL R. WIDEMAN, DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 13, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of marihuana in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress tangible property is granted, the indictment is dismissed, and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of marihuana in the fifth degree (§ 221.10 [2]), defendant contends that County Court erred in refusing to suppress a handgun and marihuana obtained by the police during a warrantless search of his vehicle. We agree. At approximately 9:45 p.m., two uniformed police officers in Buffalo observed a vehicle with excessively tinted windows. The vehicle was parked on the side of the street and defendant, the only occupant, sat in the driver's seat. The officers pulled up behind the vehicle and approached on foot. As they did so, the officers observed another person approaching the vehicle as well, but that person abruptly changed direction and began to walk away. The officers stopped and frisked that person before allowing him to go on his way, and they then approached defendant's vehicle, one on each side. The officer who approached defendant asked for his driver's license, and defendant produced a valid license. After ascertaining that the vehicle was registered to defendant's mother, the officer asked defendant whether there were any guns or drugs in the vehicle. Defendant answered no, whereupon the officer asked if he could look inside the vehicle. Defendant said, "Yeah." He was then removed from the vehicle, patted

down, and placed in the patrol vehicle while the search was conducted. The officer found a bag of marihuana and a firearm hidden under a loose panel next to the gear shift. The marihuana weighed less than two ounces. Defendant was thereafter charged with criminal possession of a weapon in the second degree and criminal possession of marihuana in the fifth degree.

At the suppression hearing, the officer who conducted the search testified on direct examination that, "at some point" while he was standing next to the vehicle questioning defendant, he noticed the smell of raw marihuana emanating from the vehicle. Using his flashlight, the officer also observed small pieces of marihuana inside the vehicle. On cross-examination, the officer was asked whether he saw and smelled raw marihuana before he asked defendant whether there were any guns or drugs in the vehicle, and the officer answered, "I don't remember the sequence of events." When asked again, the officer answered, "I don't remember if I saw the drugs first or smelled the marihuana first, or how that sequence went down." In refusing to suppress the evidence, the court determined, inter alia, that the two officers smelled the "strong odor" of marihuana as soon as they approached the vehicle and before defendant was asked whether he had any guns or drugs. Defendant later pleaded guilty to the crimes charged and was sentenced to a term of imprisonment of 3½ years.

The law is well settled that the police may not ask an occupant of a lawfully stopped vehicle if he or she has any weapons unless they have a founded suspicion that criminality is afoot (*see People v Garcia*, 20 NY3d 317, 324). It is equally well settled that the police may not ask for consent to search a vehicle absent that same degree of suspicion (*see People v Battaglia*, 86 NY2d 755, 756; *People v Mercado*, 120 AD3d 441, 442-443). Here, as both defendant and the People recognize, the legality of the police conduct turns on whether the officer who engaged defendant at the side of his vehicle smelled or observed marihuana in the vehicle *before* asking defendant whether he had any guns or drugs and *before* asking for consent to search. We conclude that there is no basis in the record to support the court's finding that the officers smelled marihuana as soon as they approached the vehicle. The officer who engaged defendant frankly acknowledged at the hearing that he did not know the relevant sequence of events. Although the other officer testified that he smelled raw marihuana while his partner was talking to defendant, that officer did not testify that he smelled the marihuana before his partner asked whether defendant had any guns or drugs and asked for consent to search. In any event, it cannot be assumed that the two officers smelled the marihuana at the same time. We also note that neither officer testified that he detected a "strong odor" of marihuana while standing outside the vehicle, as the court stated in its finding of fact. The only testimony about a "strong odor" of marihuana came from the officer who conducted the search, and he testified that he made that observation while he was inside the vehicle conducting the search.

In the absence of exigent circumstances, which did not exist here, "all warrantless searches presumptively are unreasonable per se," and the People have the burden of overcoming the presumption

(*People v Hodges*, 44 NY2d 553, 557).  The People also have a "heavy burden" of proving that a defendant voluntarily consented to a search (*People v Gonzalez*, 39 NY2d 122, 128; *see People v McCray*, 96 AD3d 1480, 1481, *lv denied* 19 NY3d 1104).  Here, in the absence of any evidence that the officers smelled marihuana before engaging defendant in a common-law inquiry and asking for consent to search his vehicle, we conclude that the People failed to prove that the police conduct was justified by a founded suspicion that criminality was afoot.  We therefore reverse the judgment, grant that part of defendant's omnibus motion seeking to suppress tangible property seized from his vehicle, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.

Entered:  October 3, 2014                        Frances E. Cafarell
                                                 Clerk of the Court