*1165 •Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered January 16, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts) and criminal possession of marihuana in the third degree.
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of marihuana in the third degree (§ 221.20), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress tangible property and statements obtained by the police following their warrantless entry into his home. We reject that contention and affirm the judgment.
“Where, as here, the People contend that a suspect gave his or her consent to the police to enter the suspect’s home, ‘the burden of proof rests heavily upon the People to establish the voluntariness of that waiver of a constitutional right’ ” (People v Forbes, 71 AD3d 1519, 1520 [2010], lv denied 15 NY3d 773 [2010], quoting People v Whitehurst, 25 NY2d 389, 391 [1969]). Based on the totality of the circumstances surrounding defendant’s consent to enter his home, we conclude that the consent was voluntary (see People v McCray, 96 AD3d 1480, 1481 [2012], lv denied 19 NY3d 1104 [2012]). Testimony at the suppression hearing established that, although defendant was in custody at the time he gave consent, he cooperated with the police and assisted them in gaining entry by indicating which of his keys opened the front door (see People v Nance, 132 AD3d 1389, 1389 [2015], lv denied 26 NY3d 1091 [2015]; McCray, 96 AD3d at 1481). Once inside the home, the police observed marihuana in plain view and immediately read defendant his Miranda rights. After defendant waived those rights, he voluntarily consented, both verbally and in writing, to a search of the premises.
We reject defendant’s further contention that any voluntary consent he may have given did not encompass a search of a duffel bag inside of his closet. “The standard for measuring the scope of a suspect’s consent under the Fourth Amendment is that of objective reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?” (People v Gomez, 5 NY3d 416, 419 [2005] '[internal quotation marks omitted]; see Florida v Ji- *1166 meno, 500 US 248, 251 [1991].) Where an officer informs a suspect of the specific items the officer is searching for, “ ‘[t]he scope of a search is generally defined by its expressed object’ ” (Gomez, 5 NY3d at 420, quoting Jimeno, 500 US at 251). Here, defendant responded affirmatively when the officer asked him whether he “could have permission to search both the room and the house for drugs or any other weapons or illegal contraband in the house.” Additionally, defendant signed a written consent that included the “premises” and his “personal property.” We therefore conclude that defendant’s consent encompassed the duffel bag. “It was objectively reasonable for the police to conclude that the consent to search the apartment . . . encompassed a thorough search of any location where a gun [or narcotics] might have been secreted” (People v Bruno, 294 AD2d 179, 179-180 [2002], lv denied 99 NY2d 533 [2002]).
All concur except Whalen, P.J., and Troutman, J.,
who dissent and vote to reverse in accordance with the following memorandum.