The People of the State of New York, Respondent, v Boris Brown, Appellant. [65 NYS3d 36]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered July 25, 2012, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 32 years to life, and order, same court and Justice, entered on or about April 14, 2016, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The order stating that the court denied defendant's motion to vacate the judgment for the reasons set forth in the People's response "was insufficient to satisfy the requirements of CPL 440.30 (7)," but "the record is sufficient to enable us to intelligently review the order denying defendant's motion" (*People v Mingo*, 141 AD3d 423, 423 [1st Dept 2016], *lv denied* 28 NY3d 1029 [2016] [internal quotation marks and citation omitted]). We do not interpret the order (*see People v Nicholson*, 26 NY3d 813, 825 [2016]) as limiting the determination to any one or more of the many grounds asserted in the People's response to defendant's claim of denial of the right to conflict-free representation, and we reject defendant's argument that a remand is necessary.

We find that the record supports the conclusion that defendant validly waived his counsel's potential conflict of interest, which was one of the grounds asserted in the People's response. Defendant, who was represented by independent counsel for purposes of the conflict waiver, indicated his "awareness of the potential risks involved in that course" and that he had "knowingly chosen it" (*People v Gomberg*, 38 NY2d 307, 313-314 [1975]), even in the absence of a more detailed explanation of how the potential conflict might affect the defense strategy (*see People v Lloyd*, 51 NY2d 107, 111 [1980]). We have considered and rejected defendant's argument that the conflict was not waivable.

Defendant's suppression motion was properly denied. There is no basis for disturbing the court's credibility determinations.

After the principal eyewitness had identified defendant by his nickname, but before the police had connected that nickname with any particular person, two detectives were sitting across a table from the eyewitness, conferring with each other and examining photos of persons considered to be possible witnesses. Although the detectives had no intention of showing him any of the photos, the eyewitness noticed a photo of defendant and spontaneously revealed that this was the man whose nickname he had supplied. "The accidental viewing was not a police-arranged procedure," and it was not constitutionally deficient (*People v Leibert*, 71 AD3d 513, 513 [1st Dept 2010], *lv denied* 15 NY3d 752 [2010]). The police obtained defendant's mother's express consent to enter her apartment, leading to defendant's arrest (*see e.g. People v Bruno*, 294 AD2d 179 [1st Dept 2002], *lv denied* 99 NY2d 533 [2002]), and defendant's assertion to the contrary is belied by the hearing testimony.

Defendant's legal insufficiency claim related to his murder conviction is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Defendant's act of repeatedly "firing into a crowd"—a "[q]uintessential example[ ]" of depraved indifference (*People v Suarez*, 6 NY3d 202, 214 [2005])—while running away, without looking at where he was shooting, abundantly demonstrated a depraved indifference to human life (*see People v Russell*, 91 NY2d 280, 289 [1998]).

The court lawfully ran the sentence imposed on the murder count consecutively with the sentence imposed on the count of simple weapon possession (Penal Law § 265.03 [3]), since defendant completed the act of possession within the meaning of that statute before the shooting occurred (*see People v Brown*, 21 NY3d 739, 750-751 [2013]). The court also lawfully ran the murder sentence consecutively with the sentence imposed on the count of possession with intent to use unlawfully against another (Penal Law § 265.03 [1] [b]), because the evidence that defendant obtained the weapon from another location, while seeking revenge for a recent robbery, established that he formed a "separate and distinct" intent (*People v Wright*, 19 NY3d 359, 367 [2012]) before intending to shoot at the crowd, such that the crime of possession with unlawful intent was likewise completed before the homicide.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Renwick, Mazzarelli, Oing and Singh, JJ.