People v Hoffman (2018 NY Slip Op 00747)





People v Hoffman


2018 NY Slip Op 00747


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1434 KA 15-01849

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER W. HOFFMAN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered September 16, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, burglary in the second degree and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), burglary in the second degree (§ 140.25 [2]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). The charges arose from defendant's burglary of his neighbor's home, which was witnessed by a neighbor, and the discovery of an unlicensed firearm and narcotics during a subsequent search of defendant's apartment. Defendant contends, inter alia, that Supreme Court erred in refusing to suppress the physical evidence that was obtained pursuant to the warrantless entry into his apartment.
"Where, as here, the People contend that a suspect gave his or her consent to the police to enter the suspect's apartment, the burden of proof rests heavily upon the People to establish the voluntariness of that waiver of a constitutional right' " (People v Forbes, 71 AD3d 1519, 1520 [4th Dept 2010], lv denied 15 NY3d 773 [2010], quoting People v Whitehurst, 25 NY2d 389, 391 [1969]). We conclude that defendant voluntarily consented to the entry of the police officers into his apartment (see People v McCray, 96 AD3d 1480, 1481 [4th Dept 2012], lv denied 19 NY3d 1104 [2012]). Testimony at the suppression hearing established that the police knocked twice before defendant opened the door. The officers were not brandishing their firearms. After defendant opened the door, he turned around and went back into his apartment, leaving the door wide open. Defendant did not object to the officers' presence in his home, and he was cooperative throughout the entire encounter. Based on the totality of the circumstances, we conclude that defendant's consent to the entry of the police was voluntary (see People v Putnam, 50 AD3d 1514, 1514 [4th Dept 2008], lv denied 10 NY3d 963 [2008]; cf. People v Freeman, 29 NY3d 926, 928 [2017], revg 141 AD3d 1164, 1165 [4th Dept 2016]).
We have reviewed defendant's remaining contentions and conclude that they are unpreserved for our review (see CPL 470.05 [2]) and, in any event, are without merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court