# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 23

The People &c.,
      Respondent,
    v.
Boris Brown,
      Appellant.

David J. Klem, for appellant.
Sylvia Wertheimer, for respondent.

MEMORANDUM:

The order of the Appellate Division should be modified in accordance with this memorandum and, as so modified, affirmed. The Appellate Division properly affirmed the judgment of conviction, however, a hearing is required on the CPL 440.10 motion.

- 1 -

In the early morning hours of October 3, 2010, defendant fired into a courtyard at the AK Houses in Manhattan. He killed a seventeen-year-old victim and wounded another bystander. The shooting was apparently in response to an earlier robbery.

Defendant and his co-defendant, Devon Coughman, were arrested and charged with various crimes, including depraved indifference murder, felony murder, felony assault, attempted robbery, and two counts of weapon possession. Jeffrey Chabrowe was hired to represent defendant. While defendant's case was pending, Ahmed Salaam, who had been present at the shooting and the earlier robbery, was arrested on unrelated charges. Salaam hired Chabrowe to represent him in that case.

After being informed of a potential conflict related to Chabrowe's concurrent representation of defendant and Salaam, Supreme Court appointed conflict counsel to advise defendant and conducted a conflicts inquiry pursuant to People v Gomberg (38 NY2d 307 [1975]). The People indicated that although Salaam was present at the scene of the murder, they were not planning to call him as a witness. Additionally, Coughman's attorney represented that he was also not likely to call Salaam to testify. Conflict counsel recounted to the court that he met with defendant and explained to him that Salaam was "represented [by Chabrowe] in some unrelated case" and "may be called by the co-defendant" to testify. Conflict counsel informed the court that he discussed with defendant "the potential conflict and the problems that arise, should that happen" and that defendant indicated that he understood and wished to waive the conflict. The court then engaged in its own inquiry of defendant, who again expressed his desire to waive any conflict. The

court accepted the waiver and the case proceeded to trial with Chabrowe acting as defendant's counsel.

Defendant was found guilty and sentenced to 25 years to life in prison for depraved indifference murder and to two concurrent seven-year prison terms on the weapon possession counts. The weapon possession sentences were set to run consecutively to the sentence for murder, for an aggregate sentence of 32 years to life in prison.

Defendant subsequently moved to set aside his conviction pursuant to CPL 440.10, contending that he was denied his constitutional right to effective, conflict-free, representation. With respect to the concurrent representation that was the subject of the conflict inquiry conducted by Supreme Court, defendant alleged that the only conflict explained to him was that his attorney would be prohibited from cross-examining Salaam if he were called as a witness. Although defendant had informed the trial court during the Gomberg inquiry that he or his family had hired Chabrowe, he alleged that Salaam paid Chabrowe to represent defendant, resulting in an undisclosed and "unwaivable" conflict, and that Chabrowe failed to explain any possible conflict of interest related to Salaam's payment of defendant's legal fees. In addition to his own affidavit, defendant submitted an affirmation from his current appellate counsel, who relayed details of a conversation he affirmed he had with Chabrowe about the payment of defendant's legal fees. Defendant also relied on recorded prison phone calls, which purportedly corroborate defendant's allegation that Salaam hired and paid for his attorney. Defendant concluded by noting that

"[s]hould the factual allegations set forth in defendant's motion be controverted by the People, then the Court should order a hearing to resolve those issues of fact."

In response, the People dismissed the allegations in appellate counsel's affirmation as hearsay and concluded that "defendant's claims are unsupported by sworn allegations and there is no reasonable possibility that they are true." The People also argued that even assuming defendant's allegations were true, there was no conflict of interest, and in the alternative, the conflict was potential, not actual, and was waived by defendant. In this respect, the People contend that even if there was a potential conflict that was not waived, "it is due to defendant's unjustifiable failure to adduce the pertinent facts on the record." Supreme Court made no findings of fact or conclusions of law and denied the motion in a one sentence order, stating: "[d]efendant's motion pursuant to CPL 440.10 is denied without a hearing for the reasons set forth at great length in the People's opposing [papers]."

On direct appeal, defendant challenged the decision of the suppression court that an accidental viewing of defendant's photograph by a witness to the events surrounding the shooting was not police-arranged and argued that the court erred in imposing consecutive sentences. The Appellate Division affirmed the judgment of conviction and the denial of defendant's CPL 440.10 motion in a single order (People v Brown, 155 AD3d 509, 509-510 [1st Dept 2017]). The Court held that "the record supports the conclusion that" Chabrowe had a "potential conflict of interest" that was "validly waived" (id. at 509). A Judge of this Court granted leave to appeal (31 NY3d 1079 [2018]).

"[W]hether a photo [display] is unduly suggestive is a mixed question of law and fact and our review is limited to whether there is support in the record for the finding" of the courts below (see People v Holley, 26 NY3d 514, 524 [2016]). Here, such support exists. Moreover, the suppression court found the identification to be otherwise reliable. Defendant's remaining contentions on direct appeal are without merit. Accordingly, we affirm so much of the Appellate Division's order affirming defendant's judgment of conviction.

With respect to defendant's CPL 440.10 motion, this Court has categorized conflicts of interest as either actual or potential. An actual conflict of interest arises when an attorney "ha[s] divided and incompatible loyalties within the same matter necessarily preclusive of single-minded advocacy" (People v Cortez, 22 NY3d 1061, 1068 [2014] [Lippman, Ch. J., concurring]). A potential conflict, on the other hand, is one that may never be realized (see People v Solomon, 20 NY3d 91, 95-96 [2012]; People v Ortiz, 76 NY2d 652, 656-657 [1990]; see also Cuyler v Sullivan, 446 US 335, 350 [1980]). When alerted to a conflict, the trial court must ascertain whether the defendant "has an awareness of the potential risks involved in that course and has knowingly chosen it" (People v Mattison, 67 NY2d 462, 468 [1986]). At least some actual and all potential conflicts may be waived (see People v Sanchez, 21 NY3d 216, 223 [2013]; Solomon, 20 NY3d at 96). Because a potential conflict presents only the possibility for conflict, however, even absent an effective waiver, "it is the defendant's heavy burden to show that a potential conflict actually operated on the defense" (Sanchez, 21 NY3d at 223). Whether a conflict operates on the defense is a mixed

question of law and fact (People v Ennis, 11 NY3d 403, 411 [2008]; People v Harris, 99 NY2d 202, 210 [2002]).

Upon a CPL 440.10 motion, the court must consider "all papers of both parties . . . and . . . all documentary evidence or information, if any, . . . for the purpose of ascertaining whether the motion is determinable without a hearing to resolve questions of fact" (CPL 440.30 [1]; see People v Jones, 24 NY3d 623, 634 [2014]).  A court may deny a motion to vacate a judgment of conviction without conducting a hearing in certain specific circumstances (see CPL 440.30 [4]).  We review the summary denial of a CPL 440.10 motion under an abuse of discretion standard (People v Wright, 27 NY3d 516, 520 [2016]). On this record, we conclude that Supreme Court abused its discretion in determining that a hearing was not warranted to address the allegations contained in defendant's CPL 440.10 motion regarding Chabrowe's representation of defendant and whether any conflict of interest existed warranting reversal.

People v Boris Brown

No. 23

STEIN, J. (dissenting):

Because defendant failed to raise a question of fact warranting a hearing on his CPL 440.10 motion, I respectfully dissent insofar as the majority holds that Supreme Court abused its discretion in summarily resolving the motion.

Defendant was convicted of depraved indifference murder and two counts of criminal possession of a weapon after he fired a gun into a crowded courtyard, killing the 17-year-old victim and wounding another bystander. Thereafter, he filed a CPL 440.10 motion to set aside his conviction on the ground that he was deprived of his right to conflict-free representation at trial. Defendant asserted that his trial counsel, Jeffrey Chabrowe, operated "under an actual and unwaived conflict of interest" because he concurrently represented Ahmed Salaam – who was with defendant at the time of the shooting and during an earlier robbery – in an unrelated matter. Although defendant had expressly informed Supreme Court, during a pretrial Gomberg inquiry (see People v Gomberg, 38 NY2d 307 [1975]) regarding the concurrent representation, that defendant or his family hired Chabrowe, he included an affidavit with his postconviction motion swearing that, in fact, Salaam had hired Chabrowe to be defendant's lawyer and had paid him on defendant's behalf. Defendant did not provide an affirmation from Chabrowe, but his counsel on the CPL 440.10 motion swore that he had spoken with Chabrowe, who confirmed that he had "received . . . money from Salaam and believed that the money came from Salaam, not [defendant] or his family," and that he had not discussed any conflict of interest with defendant arising from that arrangement. Counsel also stated, without providing the source of the information (see CPL 440.30 [1]), that the concurrent representation of Salaam on the unrelated matter continued throughout the pendency of defendant's trial and that Chabrowe has represented a number of Salaam's other associates.

When a defendant moves to vacate a judgment of conviction – here, on the ground that the judgment was obtained in violation of his constitutional right to conflict-free counsel (see CPL 440.10 [1] [h]) – "CPL 440.30 contemplates that a court will in the first instance determine on written submissions whether the motion can be decided without a hearing" (People v Satterfield, 66 NY2d 796, 799 [1985]).  It is fundamental that "[a] judgment of conviction is presumed valid, and the party challenging its validity . . . has a burden of coming forward with allegations sufficient to create an issue of fact" (People v Session, 34 NY2d 254, 255-256 [1974]).  Thus, as we have explained, "[o]nce the parties have filed papers and all documentary evidence or information has been submitted, the court is obligated to consider the submitted material 'for the purpose of ascertaining whether the motion is determinable without a hearing to resolve questions of fact'" (People v Jones, 24 NY3d 623, 634 [2014], quoting CPL 440.30 [1] [a] [emphasis added]; compare People v Samandarov, 13 NY3d 433, 439-440 [2009], with People v Thomas, 144 AD3d 1596, 1597 [4th Dept 2016]).  When the CPL 440.10 motion cannot be summarily resolved, the court "must conduct a hearing and make findings of fact essential to the determination thereof" (CPL 440.30 [5] [emphasis added]).  Moreover, "[a]t such a hearing, the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 440.30 [6] [emphasis added]).

The parties in this case now agree that there are no questions of fact warranting a hearing.  Nevertheless, the majority concludes that Supreme Court abused its discretion in determining that a hearing was not warranted.  In so doing, the majority has necessarily

determined that defendant has raised a question of fact (see CPL 440.30 [1], [5], [6]); however, the majority does not identify the factual dispute between defendant and the People that purportedly exists (cf. Jones, 24 NY3d at 636).  In my view, the record discloses no such question of fact.  The only relevant fact outside the record on appeal presented by defendant on his CPL 440.10 motion is that Salaam allegedly paid Chabrowe to represent defendant, but that allegation is directly contrary to defendant's express representations to the trial court during the Gomberg inquiry (cf. People v Ferreras, 70 NY2d 630, 631 [1987]).  "[T]he court [is] not required to credit defendant's evidence of fraud" – particularly, his own, utterly unexplained, fraud on the trial court – "that [is] self-serving and uncorroborated" because the "court does not have 'to accept every sworn allegation as true'" (People v Chu-Joi, 26 NY3d 1105, 1107 [2015], quoting People v White, 309 NY 636, 641 [1956], cert denied 352 US 849 [1956]).  Under these circumstances, "[t]he failure to include an affirmation from [trial] counsel, or an explanation for the failure to do so, . . . warrant[s] the summary denial of . . . defendant's postconviction motion" (People v Wright, 27 NY3d 516, 522 [2016]; see People v Morales, 58 NY2d 1008, 1009 [1983]; People v Scott, 10 NY2d 380, 381-382 [1961]).

In short, "[t]he motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations" that actually "substantiat[e] or tend[] to substantiate all the essential facts as required by [CPL 440.30 (1)]" (CPL 440.30 [4] [b]; cf. People v Coleman, 10 AD3d 487, 487-488 [1st Dept 2004]).  Therefore, I would hold that Supreme Court did not abuse its discretion in summarily resolving defendant's motion.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Order modified in accordance with the memorandum herein and, as so modified, affirmed. Chief Judge DiFiore and Judges Rivera, Fahey, Garcia, Wilson and Feinman concur. Judge Stein dissents in part and votes to affirm in an opinion.


Decided May 2, 2019